UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY ALFRED WHITWORTH,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES PAROLE COMMISSION, et al.,<br><br>Respondents. | Case No. 16-cv-01469-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner Jerry Alfred Whitworth, a federal prisoner currently incarcerated at the United States Penitentiary in Atwater, California, filed a document entitled, "Combined Petitions For Audita Querela, Mandamus, Prohibition, For Preliminary Injunctive Relief In The Nature Of Stay Of Prison Transfers, And For Bail, Or Any Other Extraordinary Relief For Which Petitioner May Be Entitled Pursuant To The All Writs Act." The Clerk of the Court filed the document as a new mandamus action.

Petitioner's case history shows that he had a federal criminal case, *United States v. Whitworth*, Case No. CR 85-0552 JPV, before a former judge of this court, Judge John P. Vukasin. In that case, petitioner was convicted of several counts of espionage and tax evasion following a four-month jury trial. *See United States v. Whitworth*, 856 F.2d 1268, 1270-71 (9th Cir. 1988). In July 1986, Judge Vukasin sentenced petitioner to 365 years in prison, without the possibility of parole for sixty years. *See id.*

Petitioner is currently serving his federal sentence. It is not clear from the contents of the petition whether petitioner is challenging the legality of his 1986 federal criminal conviction and sentence in Case No. CR 85-0552 JPV or challenging the execution of his sentence. However, as explained below, petitioner may not seek mandamus relief from this Court.

A prisoner, such as petitioner, in custody under sentence of a federal court, who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255 in the court which imposed the sentence. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Only the sentencing court has jurisdiction. *See id.* at 1163. A prisoner may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to § 2241.[1] *See Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991).

Under § 2255, the federal sentencing court is authorized to grant relief only if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." There are time constraints on a § 2255 motion. A motion to vacate, set aside or correct a federal sentence under § 2255 must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an impediment to making a motion created by governmental action was removed, if such action prevented the petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Because petitioner's conviction has been final for many years, he will need to show that subsection (2), (3) or (4) applies. The statute of limitations in § 2255 is also subject to equitable tolling. *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). In *Pace v. DiGuglielmo*, the Supreme Court stated that, generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

---

[1] A federal prisoner may attack the validity of his conviction and sentence under § 2241 only if he can show that the remedy available under § 2255 is "'inadequate or ineffective to test the validity of his detention.'" *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255). This it is a very narrow exception. *See id.*

1  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."
2  544 U.S. 408, 418 (2005).

3  If instead petitioner seeks to challenge the execution of his federal sentence, he may file a
4  petition under 28 U.S.C. § 2241.  *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984)
5  (presentence time credit claim); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980) (parole
6  decision claim).

7  If petitioner challenges the legality of his federal sentence he should use the enclosed form
8  for a § 2255 motion.  The § 2255 motion must use the caption and civil case number used in his
9  criminal case, *United States v. Whitworth*, Case No. CR 85-0552 JPV.  Because Judge Vukasin is
10 now deceased, the § 2255 motion will be assigned to the general duty judge.

11 If petitioner wishes instead to challenge the execution of his sentence he should file a
12 petition under § 2241 in the United States District Court for the Eastern District of California,
13 which court has jurisdiction over the warden of the United States Penitentiary in Atwater.  *See*
14 *Rumsfeld v. Padilla*, 542 U.S. 426, 440-42 (2004).

15 Accordingly, this mandamus action is DISMISSED without prejudice to petitioner filing a
16 § 2255 motion in his criminal action, or a petition for a writ of habeas corpus under 28 U.S.C.
17 § 2241 in the Eastern District of California.  No filing fee is due.

18 The Clerk of the Court shall enter judgment in accordance with this order, and close the
19 file.  The Clerk is further directed to send petitioner a blank form for a § 2255 motion.

20 **IT IS SO ORDERED.**

21 Dated:  8/19/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

3